IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA       : | |
| : | |
| v.                              : | CIVIL NO. CCB-08-3473 |
| : | Criminal No. CCB-07-0194 |
| GREGORY WYATT                   : | |

...o0o...

## **MEMORANDUM**

Gregory Lamont Wyatt, a federal prison inmate, has filed a motion under 28 U.S.C. § 2255 to set aside his conviction and sentence, alleging constitutional violations including ineffective assistance of retrained counsel Kenneth Ravenell, Esquire.  The motion has been fully briefed and no evidentiary hearing is required.  It will be denied for reasons stated below.

Wyatt, who pled guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, was sentenced on February 8, 2008, to 96 months' incarceration, within the advisory guideline range of 84-105 months.  He now claims that the government should have obtained a warrant to install and monitor a tracking device placed on his vehicle and that Mr. Ravenell was ineffective for failing to move to suppress the evidence derived from the tracking device.  He also claims counsel was ineffective for failing to move for downward departures under the Guidelines for harsh conditions of pretrial confinement (U.S.S.G. § 5K2.0) and family circumstances (U.S.S.G. § 5H1.6).  Finally, Wyatt claims his plea was not voluntary because counsel erroneously advised him he faced a maximum of 40 years and a minimum of 20 years, when in fact he faced a minimum of 10 years if the government filed a notice under 21 U.S.C. § 851 and a maximum of 40 years.

Statements made under oath at a Rule 11 proceeding present a "formidable barrier" to their subsequent attack.  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also U.S. v.*

*Lemaster*, 403 F.3d 216, 221-23 (4th Cir. 2005).  Further, to sustain a claim of ineffective assistance of counsel following a guilty plea, the defendant must show not only deficient performance by counsel but also a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

     Regarding the challenge to the alleged warrantless use of a tracking device, Wyatt forfeited the right to that and other pretrial suppression motions by entering his guilty plea, as he was advised both in his plea agreement letter (docket entry no. 51-3) and at the Rule 11 proceeding.[1]  Further, as is evident from the statement of facts agreed to by Wyatt under oath, and contained in the plea agreement, he was visually surveilled while driving in his vehicle from his residence to a co-conspirator's residence.  Even if information from the tracking device had been used (and the government explains it was not), there is no constitutional violation because Wyatt had no expectation of privacy in the route his vehicle traveled on a public highway.  *U.S. v. Knotts*, 460 U.S. 276, 281 (1983); *cf. U.S. v. Karo*, 468 U.S. 705, 715 (1984).  Finally, Mr. Ravenell was not ineffective for failing to move to suppress information obtained from the tracking device, because the motion would not have prevailed.

     Wyatt argues that he was not properly advised about the possible minimum and maximum sentences he would have faced had he gone to trial.  As the government advised Mr. Ravenell, however, had Wyatt not pled guilty, the government would have sought a superseding indictment raising the drug quantities which, together with notice filed under 21 U.S.C. § 851, would have resulted in a minimum mandatory sentence of 20 years' incarceration and a

---

[1] This proceeding was recorded but not transcribed.

maximum of life (docket entry no. 51-2). Instead, the government left the quantities as stated and withdrew the § 851 notice. By entering the plea, Wyatt reduced his exposure to a minimum mandatory of only five years and a maximum of 40 years, as stated in the plea agreement, with a guideline range of 84 to 105 months. Accordingly, not only did Mr. Ravenell appropriately advise Wyatt of the possible penalties if he proceeded to trial and was convicted, he also obtained a favorable result for his client through Wyatt's voluntary plea.

Finally, in light of the already reduced guideline range and the seriousness of the offense, Mr. Ravenell was not deficient for failing as part of the plea negotiations to obtain the right to argue for downward departures based on conditions of pretrial detention and family circumstances. Nor is there any prejudice, as nothing in the facts proffered by Wyatt in this petition would have justified any departure.

A separate Order denying the petition follows.


  November 30, 2009                                    /s/
         Date                                  Catherine C. Blake
                                               United States District Judge